UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

BARBARA OLSEN, DONALD OLSEN SR.,
DONALD OLSEN JR., and LONG ISLAND
HOUSING SERVICES, INC.,

                  Plaintiffs,

    -against-

STARK HOMES, INC. D/B/A GLENWOOD
VILLAGE and BRIAN STARK,

                Defendants.

----------------------------------------------------------x

**COMPLAINT**

**TRIAL BY JURY
DEMANDED**

Plaintiffs Barbara Olsen, Donald Olsen Sr., Donald Olsen Jr., and Long Island

Housing Services, Inc. ("LIHS") complaining of the defendants, allege the following:

<u>NATURE OF ACTION</u>

    1.    This case involves the discriminatory refusal by defendant Brian Stark, the

manager of the Glenwood Village mobile home park, to approve the sale of a mobile unit

which is housed in the park, to Barbara Olsen and Donald Olsen Sr. (hereinafter "Donald

Sr.) It is alleged that the refusal was because the Olsens' handicapped son Donald Olsen

Jr. (hereinafter "Donald Jr."), who suffers from the disability of depression, would be

living with them. Defendant's action violated the Fair Housing Act and the New York

State Human Rights Law.

<u>JURISDICTION AND VENUE</u>

    2.    This case arises under 42 U.S.C. §§3601, <u>et seq.</u>, (the "Fair Housing Act"),

more particularly 42 U.S.C. §§3604(f). Jurisdiction is conferred on this Court by 28

U.S.C. §1331; 28 U.S.C. §1343(3), (4); 28 U.S.C. §§2201, 2202 and 42 U.S.C. §3613.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) in that the claims arose in, the defendant conducts business in, and the defendant resides in the Eastern District of New York.

4.  The Court is requested to assume supplemental jurisdiction over claims that arise pursuant to provisions of the New York State Human Rights Law, N.Y. Executive Law §§296.5 & 296.18(2).

## PARTIES

5.  Plaintiffs Barbara Olsen, Donald Olsen Sr., and Donald Olsen Jr. are all residents of Suffolk County, residing at 638 Fresh Pond Avenue, Calverton, New York.

6.  Plaintiff Long Island Housing Services ("LIHS") is a not-for-profit fair housing agency with offices in Suffolk County at 640 Johnson Avenue, Suite 8, Bohemia, New York

7.  Defendant Stark Homes, Inc., D/B/A Glenwood Village, is a corporation organized under the laws of the State of New York and the owner of the premises at the Glenwood Village mobile home park located at 1661 Old Country Road in Riverhead, New York.

8.  Defendant Brian Stark is, on information and belief, vice president of Stark Homes, Inc..

## FACTS

9.  In and about January 2008 plaintiffs Barbara Olsen and Donald Olsen, Sr. began to look for new housing as they wished to move from the Ridge section of Suffolk County where they had been residing. Their son Donald Jr., who at the time was 42 years old, resided with his parents because he suffers from extreme episodes of depression and

cannot live alone.  Plaintiff Donald Jr. qualifies as a person with a "handicap" as that term is defined in the Fair Housing Act, 42 U.S.C. §3602(h), and a "disability" as defined in the New York State Human Rights Law, N.Y. Executive Law §292.21.

10. Plaintiff Barbara Olsen also is disabled suffering from chronic, multiple physical disabilities.  She too qualifies as a person with a "handicap" as defined in the Fair Housing Act, and a "disability" as defined in the New York State Human Rights Law.  Because of her disability Barbara Olsen is dependent on Donald Olsen Jr. to assist her, which is another reason why it is necessary for Donald Jr. to reside with his parents.

11.  As part of their housing search the Olsens inspected mobile units for sale at Glenwood Village, a  mobile park community consisting of  hundreds of manufactured or modular homes.

12.  The Glenwood Village development is purported to be an age-restricted 55 and older community, a standard which exempts the development from the provision of the Fair Housing Act barring familial status discrimination (discrimination against children under 18 years of age). The Housing for Older Persons Act (HOPA) provides that for a development to qualify for 55 and older status, at least 80 percent of the occupied units are to be occupied by at least one person who is 55 years of age or older. The HOPA further provides that units can be occupied by persons under 55 in order to afford a reasonable accommodation to a disabled resident.

13.  In January 2008, Barbara Olsen and Donald Olsen Sr. met with a sales agent for Glenwood Village named "Noreen".  Mrs. Olsen informed Noreen that the Olsens were interested in a doublewide unit which would be for herself, her husband and their 42

year old disabled son.  At the time Barbara was 63 years old and Donald Sr. was 65 years old.

14.    The Olsens were also shown units by Patricia Pidgeon of Little Bay Realty. Ms. Pidgeon was also informed of Donald Jr.'s age and disability.

15.    On or about January 19, 2008, Mrs. Olsen and her husband entered into a sales agreement to purchase a mobile unit situated at Glenwood Village from its owner, John Martin.  The Martin unit was located on lot #250 in the Park. The agreement provided that the purchase price was $145,000, that the deal was to be an all cash transaction, and that the anticipated the closing was to take place on or about March 1, 2008.  The sales agreement stated that the purchase was contingent on "Park Approval."

16.    Mrs. Olsen and Donald Sr. completed and submitted a Glenwood Village application for rental of lot #250.  Mrs. Olsen was then contacted by Defendant Brian Stark who inquired about Donald Jr.'s disability.  Mrs. Olsen told Defendant Stark that her son was 42 years old and that is disabled due to a mental illness.  She also stated that her son needed to live with them as he was suffering from major depression.  Mrs. Olsen explained that her son attended a day program and that he also saw a therapist each week. During this conversation Mrs. Olsen stated that she and her husband have gone on vacations without their son.  Stark then asked if her son was able to stay in the house alone.  Mrs. Olsen responded that he was able to stay alone without any difficulties.

17.    Defendant Stark requested that Mrs. Olsen provide a letter from Donald Jr.'s psychiatrist stating that he would be able to live by himself if Mrs. Olsen and her husband went on a trip and that he would not put any other residents in danger.

4

18.    In response the plaintiffs provided Defendant Stark with a letter dated January 31, 2008 from Dr. Jeffrey P. Romano, a clinical psychologist working with Donald Jr. at the Opti-HealthCare DTC in Riverhead N.Y.  Dr. Romano confirmed that Donald Jr. had been diagnosed with Major Depression.  Nonetheless, Dr. Romano concluded that Donald Jr. was capable of staying alone.

19.    By a letter dated February 5, 2008, Defendant Stark notified Mrs. Olsen that Stark Homes was denying "your request for residency for your son."  Defendant Stark referenced the company's Residency Agreement which states that all residents must be 55 or older to reside in Glenwood Village and that management reserved "the right to reject any resident who does not qualify under the community's age restriction."  Defendant Stark also noted pursuant to the Residency Agreement that adults under 55 can be residents if it is established that the "presence of such persons is essential to the physical care or economic support of the resident."  The rule states that as to such persons management reserved the right to grant or withhold approval.

20.    Shortly after receiving the rejection letter, Mrs. Olsen telephoned Defendant Stark and asked to meet with him.  Stark stated that he had made his decision.  He then asked if she and her husband ever go away and leave their son alone.  Mrs. Olsen replied that they did for several days and that her son was capable of being on his own for limited periods.  Stark concluded the conversation stating you can come but your son cannot; that he did not need "that kind of trouble" in my Park, and that he had the right to pick and choose whomever I want in my Park.

21. On or about February 27, 2008 Mrs. Olsen contacted Plaintiff LIHS to request its assistance with respect to this  matter.  LIHS is a private, not for profit New

5

York corporation. It is the principal fair housing advocacy and counseling organization on Long Island. A primary goal of the organization is to promote racial and economic integration and equal housing opportunity throughout Long Island. LIHS' objectives include ensuring that people with disabilities have equal access to housing in Long Island.

22.     LIHS representatives agreed to assist in an effort to reverse the Glenwood Village's rejection of the Olsens and initiated its investigation, including gathering witness information.

23.     On March 4, 2008, Marian Reid, LIHS's senior fair housing investigator, wrote Defendant Stark and asked him to allow the Olsens to purchase the unit in question and move into the Park . Ms. Reid wrote that this request was based on the need for a reasonable accommodation because of the disabilities of both Donald Jr. and Mrs. Olsen, citing the related Fair Housing obligations. Defendant Stark did not respond to this letter.

24.     LIHS also undertook testing activity by sending testers to Glenwood Village to pose as persons interested in residing there. These tests established that the defendants do not adhere to a strict requirement that residents of the Park be 55 or older and there is a policy of rejecting applicants when a family member has a mental disability.

25.     The first test was conducted March 25, 2008. The tester met with defendant Stark and identified herself as being 54 years old, but that she would be 55 in May 2008. She also told Stark that her 49 year old sister would be living with her. Stark did not mention the 55 age requirement and showed the tester five available units.

26.     The second test was conducted March 28, 2008. The tester met with defendant Stark. The tester told Stark she was 53 years old. Brian did not state that the

community was for 55 and older, but instead discussed financing options for purchasing a unit.

27.    The third test was conducted July 30, 2008.  The tester met first with Noreen.  The tester told Noreen that she was 64 years old and that she had to live with her 40 year old daughter because the daughter had a disability.   Noreen asked what was the disability and the tester replied that her daughter had a mental disability.  Noreen then said that the community was strictly for persons 55 years and older.  The tester also met with defendant Stark who told the tester he had concerns with respect to allowing persons with mental disabilities to live in the Glenwood Village.

28.    When the defendants persisted in refusing to reverse their rejection of the Olsens, LIHS undertook to articulate and challenge the defendants' discriminatory practices and filed administrative complaints in August 2008 on behalf of the Olsens and LIHS against Glenwood Village and Stark with the U.S. Department of Housing and Urban Development and the New York State Division of Human Rights.

29. The defendants rejected the application by Barbara Olsen and Donald Olsen Sr. to reside at Glenwood Village with their son, because of Donald Olsen Jr.'s disability and/or handicap.  The defendants' actions were in violation of the Fair Housing Act and the New York State Human Rights Law.

30. The actions of the defendant, as heretofore alleged, constitute reckless and callous conduct in disregard of plaintiffs' rights to be free of discrimination in housing based on a disability and /or handicap and constitutes violation of the Fair Housing Act and the New York State Human Rights Law.

## FIRST CAUSE OF ACTION

31. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-30 as if fully set forth herein.

32. The actions of the defendants and their agents, as heretofore alleged, and more specifically in denying the plaintiffs the right to purchase and occupy a unit in the Glenwood Village development constitute discrimination based on Donald Olsen Jr.'s disability and/or handicap in violation of the provisions of the Fair Housing Act, 42 U.S.C. §§3601, et seq.; and particularly 42 U.S.C. §§3604(f) and the New York Human Rights Law, Executive Law §296.5.

## SECOND CAUSE OF ACTION

33. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-32 as if fully set forth herein.

34. The actions of the defendants and their agents, as heretofore alleged, and more specifically in denying reasonable accommodations to plaintiffs Barbara Olsen and Donald Olsen Jr., violated the Fair Housing Act, 42 U.S.C. §§3601, et seq.; and particularly 42 U.S.C. §§3604(f) and the New York Human Rights Law, Executive Law §296.18(2).

## THIRD CAUSE OF ACTION

35. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-34 as if fully set forth herein.

36. Plaintiff LIHS' mission was frustrated and significant resources were diverted in its efforts to assist the plaintiffs to gain access to housing at Glenwood Village. LIHS seeks to be reimbursed for its resources expended in this matter.

WHEREFORE, plaintiffs respectfully demand:

A. That this Court declare that the defendants' actions constitute discrimination based on the plaintiffs' disability and/or handicap in violation of the provisions of the Fair Housing Act, 42 U.S.C. §§3601, et seq., more particularly 42 U.S.C. §3604(f) and the New York State Human Rights Act, Executive Law §§296.5 & 296.18(2).

B. That defendants be temporarily and permanently enjoined from engaging in acts of housing discrimination;

C. That plaintiffs be awarded compensatory damages as against defendants in amounts to be determined;

D. That plaintiffs be awarded punitive or exemplary damages in amounts to be determined;

E. That plaintiffs receive of defendants reasonable attorney fees, together with all court costs;

F. That this Court assign this case for hearing at its earliest practical date and cause this case to be in every way expedited; and

G. That this Court grant such additional relief as the interests of justice may require.

JURY DEMAND

It is hereby requested that this case be tried before a jury.

Dated: New York, New York
       October 6, 2009

Richard F. Bellman (RB 0049)
Attorney for Plaintiffs
99 Hudson Street, 14th Floor
New York, New York 10013
(212) 739-7576