RELMAN, DANE & COLFAX PLLC

1225 19TH STREET NW SUITE 600
WASHINGTON DC 20036-2456

TEL 202-728-1888
FAX 202-728-0848
WEBSITE WWW.RELMANLAW.COM

June 30, 2015

Hon. Leonard D. Wexler
U.S. District Court for the Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

   Re: *Olsen, et al. v. Stark Homes, Inc., et al.*, **No. 09-cv-04283 (LDW)(ETB)**

Dear Judge Wexler:

 Plaintiffs Barbara Olsen, Donald Olsen, Sr., Donald Olsen, Jr., and Long Island Housing Services, Inc., ("Plaintiffs") respectfully request that the Court allow into evidence the New York State Division of Human Rights' ("NYSDHR") March 2009 findings that there was probable cause to believe that Defendants Brian Stark and Stark Homes, Inc., ("Defendants") engaged in unlawful discriminatory practices against all Plaintiffs. Plaintiffs also seek to admit the NYSDHR's March 2009 Final Investigation Report and Basis of Determination [of probable cause] for each of the complaints filed against Defendants by Plaintiffs.[1] *See* Ex. 1-6[2] (hereinafter "March 2009 Findings and Reports").  The findings of probable cause and investigation reports by the NYSDHR are admissible as public records (exception to hearsay) and should not be excluded under Fed. R. Evid. 403 because the danger of unfair prejudice does not outweigh their probative value.

  **I.** **Factual Findings and Determinations by State Administrative Agencies are Admissible as Exceptions to the Rule Against Hearsay.**

 It is well established that administrative findings of state agencies, such as the NYSDHR, are admissible under the public records exception to the rule against hearsay (Fed. R. Evid. 803(8)). *See Chandler v. Roudebush*, 425 U.S. 840, 864 n.39 (1976) (noting that prior administrative findings are admissible at trial under Fed. R. Evid. 803(8)); *Henry v. Daytop Vill., Inc.*, 42 F.3d 89, 96 (2d Cir. 1994) (records of administrative proceedings admissible under 803(8)).

 The public records exception under Rule 803(8) requires that: 1) the evidence must contain factual findings; and 2) the evidence must "be based upon an investigation made pursuant to legal authority." *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 143 (2d Cir. 2000). Once this

---

[1] Prior to the filing of the instant litigation, three verified complaints were filed with the NYSDHR against Defendants, one on behalf of Barbara Olsen and Donald Olsen, Sr., a second on behalf of Donald Olsen, Jr., and a third on behalf of Long Island Housing Services, Inc.

[2] Plaintiffs have redacted from the exhibits references to Barbara Olsen's disability as Plaintiffs' dropped all claims related to Mrs. Olsen's disability.

showing is made, the burden shifts to the party opposing admission to show that the findings lack trustworthiness. *Id.* If the party opposing admission cannot show the finding lacks trustworthiness, any relevant findings can be admitted. *Id.* In this case, the March 2009 Findings and Reports contain factual findings of an investigation conducted pursuant to the New York Human Rights Law (N.Y. Exec. Law, art. 15) by Donna J. Epp, a Human Rights Specialist at the NYSDHR who conducted a thorough investigation by interviewing the Plaintiffs and Defendants, reviewing documents, and evaluating statements provided by counsel. *See* Ex. 2, 4, 6 (Investigation Reports and Basis for Determination). The March 2009 Findings and Reports were then reviewed and approved by another Human Rights Specialist, Theresa C. Aydelott, and finally were approved by Regional Director Ronald B. Brinn. Accordingly, the burden rests on Defendants to show that the March 2009 Findings and Reports lack trustworthiness, a showing which has not been made at any point in this litigation.

Having established that the March 2009 Findings and Reports are admissible under the public records exception to the rule against hearsay, the inquiry shifts to Fed. R. Evid. 403.[3]

## II.   The Probative Value of the March 2009 Findings and Reports Outweigh the Rule 403 Risk Factors.

Under Fed. R. Evid. 403, courts may exclude relevant evidence only if the probative value is outweighed by any of several risk factors, including unfair prejudice. Courts in this circuit have held that probable cause determinations by the EEOC and NYSDHR clear the exclusionary bar of Rule 403. *See, e.g.*, *Strauss v. Microsoft Corp.*, No. 91 Civ. 5928 (SWK), 1995 WL 326492, at *3 (S.D.N.Y. June 1, 1995) (finding that the EEOC's written determination that Plaintiff failed to produce sufficient evidence proving discrimination claim was not excluded by Rule 403). In *Strauss*, following the lead of other circuit courts, the court concluded that the determinations were highly probative:

> [t]he fact that an investigator, trained and experienced in the area of discriminatory practices and the various methods by which they can be secreted, has found that it is likely that such an unlawful practice has occurred [or has not occurred], *is highly probative* of the ultimate issue involved in such cases.

*Id.* (quoting *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972) (holding the district court committed reversible error when it did not admit EEOC report and finding of probable cause) (emphasis supplied); *see e.g., Plummer v. W. Int'l Hotels Co.*, 656 F.2d 502, 504-05 (9th Cir. 1981) (finding EEOC determinations are "highly probative" as they are "prepared by professional investigators on behalf of an impartial agency").

As in these cases, the March 2009 Findings and Reports in this case are highly probative on the issue of whether Defendants were engaged in discriminatory behavior. The NYSDHR

---

[3] It is clear that the March 2009 Findings and Reports are relevant evidence, as they go to the ultimate issue of whether Defendants were engaged in unlawful discriminatory behavior. *See Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972).

2

RELMAN, DANE & COLFAX PLLC   *Olsen v. Stark Homes, Inc.*, No. 09-cv-04283 (LDW) (ETB)

Findings and Reports were prepared by professional investigators, trained and experienced in the area of discriminatory practices, on behalf of an impartial agency.

Further, the admission of the March 2009 Findings and Reports will not unfairly prejudice Defendants. An agency's probable cause determination, as opposed to an agency's letter of violation, is especially unlikely to have a prejudicial impact on the jury which outweighs its probative value. *Hamilton v. Niagara Frontier Transp. Auth.*, No. 00-CV-300SR, 2008 WL 4724324, at *4 (W.D.N.Y. Oct. 24, 2008). This is because "in a probable cause determination the [administrative agency] determines only that there is probable cause to conclude that a violation…has occurred. A finding of probable cause does not suggest to the jury that the [administrative agency] has already determined that there has been a violation." *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986). In this case, the Plaintiffs seek only to have the agency's probable cause determination admitted, therefore the potential prejudice to the Defendants is especially minimal.

If anything, the proper course to guard against any potential prejudice is for the court to provide the jury with a limiting instruction regarding the NYSDHR findings and Plaintiffs would not oppose such an instruction. *Strauss*, 1995 WL 326492 at *4; *Hamilton*, 2008 WL 4724324 at *4 (W.D.N.Y. Oct. 24, 2008) ("observations contained in the DOL investigatory document are highly probative and [] any danger of prejudice arising from the investigator's findings can be overcome by an instruction by the Court cautioning the jury that the investigator's findings are not conclusive but are merely some evidence for their consideration."); *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 678 (S.D.N.Y. 2001) (admitting NYSDHR "probable cause" finding with a limiting instruction).

***

For the reasons set forth above, Plaintiffs respectfully request that the Court allows Plaintiffs to introduce into evidence the March 2009 Findings and Reports detailing the probable cause determination against Defendants by the New York State Division of Human Rights.

Sincerely,

/s/ Jia Cobb
Jia Cobb
Tara K. Ramchandani
Relman, Dane & Colfax PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
Facsimile: (202) 728-0848
jcobb@relmanlaw.com
tramchandani@relmanlaw.com

*Attorneys for Plaintiffs*

CC:   All counsel of record via ECF