RELMAN, DANE & COLFAX PLLC
1225 19TH STREET NW SUITE 600
WASHINGTON DC 20036-2456

TEL 202-728-1888
FAX 202-728-0848
WEBSITE WWW.RELMANLAW.COM

July 16, 2015

Hon. Leonard D. Wexler
U.S. District Court for the Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

      Re:    *Olsen, et al. v. Stark Homes, Inc., et al.*, No. 09-cv-04283 (LDW) (ETB)

Dear Judge Wexler:

      As Plaintiffs informed the Court at the May 18, 2015 status hearing, Plaintiff Barbara Olsen suffers from a neurological disorder, suspected to be Alzheimer's dementia.[1] As a result of her current condition, Mrs. Olsen is unable to testify at the upcoming re-trial. Because Mrs. Olsen is unavailable to testify at the re-trial, the sworn testimony that she gave at the first trial (in 2012) is plainly admissible, and Plaintiffs seek to admit that prior trial testimony during the upcoming proceeding. *See* Fed. R. Evid. 804(b)(1).[2]

      Defendants have represented to Plaintiffs' counsel that they do not believe that Mrs. Olsen should be permitted to testify at the upcoming trial. Defendants also object to Plaintiffs' reading of Mrs. Olsen's prior testimony at the re-trial, despite taking full advantage of their opportunity to cross-examine Mrs. Olsen at the first trial. Defendants object because the medical documentation regarding Mrs. Olsen's current condition has purportedly raised doubts for them regarding Mrs. Olsen's competency to testify in 2012. Defendants, however, deposed Mrs. Olsen during the discovery period and vigorously cross-examined her at the prior trial—never once raising any concerns about Mrs. Olsen's competence or the reliability of her testimony. Accordingly, any objections to the admissibility of Mrs. Olsen's prior testimony have been waived.[3]

### I.    Mrs. Olsen Is Unavailable for Trial

      Pursuant to Federal Rule of Evidence 804(a)(4), "[a] declarant is considered to be unavailable as a witness if the declarant" cannot "testify at the trial…because of…a then-existing infirmity, physical illness, or mental illness."

---

[1] The last conversation that the parties had regarding the admissibility of Mrs. Olsen's prior testimony was on July 14, 2015, after which it became clear that the parties would be unable to reach agreement prior to trial. Accordingly, Plaintiffs file the instant letter motion.

[2] Plaintiffs have provided Defendants designations for the testimony that Plaintiffs intend to introduce at trial.

[3] Given the nature of the dispute between the parties, and that the Court's ruling on this Motion will impact the parties' opening statements and presentation at trial, Plaintiffs respectfully request a pre-trial ruling on this matter.

Mrs. Olsen clearly meets the above-referenced standard for unavailability as a result of her current physical and mental health condition.  According to Mrs. Olsen's treating neurologist, Dr. Galyna Pushchinska, recent evaluations establish that Mrs. Olsen's cognitive functioning has declined since 2013, suggesting a neurodegenerative process, such as Alzheimer's dementia.  As a result of this recent and significant decline in Mrs. Olsen's cognitive functioning, Dr. Pushchinska has unequivocally represented to Plaintiff's counsel that Mrs. Olsen is unable to testify at trial.  Dr. Puschinska's assessment is memorialized in a letter attached to this Motion as Exhibit 2.[4]  This documentation, which has already been provided to Defendants, is more than sufficient to establish Mrs. Olsen's unavailability for trial.

While Defendants have suggested that they may challenge whether Mrs. Olsen is unavailable, Defendants have not represented to Plaintiffs that they question the accuracy of, or have any reason to doubt, the representations set forth in Dr. Puschinska's letter.  To the contrary, Defendants have informed Plaintiffs' counsel that they do not believe that Mrs. Olsen is capable of testifying live at trial based upon the medical documentation provided by Plaintiff's counsel.  If Defendants credit the medical documentation of Mrs. Olsen's illness to support their arguments for the exclusion of her testimony at trial, they must acknowledge that Mrs. Olsen is currently unavailable as a result of her medical condition—they cannot have it both ways.

## II.     Defendants Have Waived Any Argument That Mrs. Olsen's Prior Trial Testimony Is Not Admissible

Because Mrs. Olsen is unavailable to testify at the upcoming trial, her prior testimony must be admitted pursuant to Federal Rule of Evidence 804(b)(1), which provides that the testimony of an unavailable witness that is given at a trial and is "offered against a party who had…an opportunity and similar motive to develop it by direct, cross-, or redirect examination" is admissible.  Fed. R. Evid. 804(b)(1).  Here, Plaintiffs intend to introduce Mrs. Olsen's prior, sworn testimony from the 2012 trial as evidence against Defendants at the re-trial.  Defendants had a full opportunity to (and, in fact, did) cross-examine Mrs. Olsen at that proceeding.  Accordingly, her prior testimony is unquestionably admissible.

Defendants object to the admissibility of Mrs. Olsen's prior testimony, contending that they now have questions regarding her competency to testify at the 2012 trial, but any such objection has long been since waived.  It is a long-standing canon of evidentiary jurisprudence that "if a party does not object to testimony, he cannot afterwards be heard to say that there was error in receiving it." *Benson v. United States*, 146 U.S. 325, 332 (1892).  Under this rule, "any objection to the competency of a witness should be raised at the time the party is presented as a witness and, absent objection at that time, any claim of incompetency of the witness is waived." *United States v. Odom*, 736 F.2d 104, 112 (4th Cir. 1984); *see also See United States v. Berrios-Rodriguez*, 768 F. Supp. 939, 941 (D.P.R. 1991) ("the failure to challenge the competence of a witness at the time his testimony is presented, acts as a waiver to later objections of competency.").

At trial in 2012, Defendants sat through Mrs. Olsen's direct examination without lodging any objection to the Court receiving her testimony.  To the contrary, Defendants proceeded with a thorough cross-examination of Mrs. Olsen at the first trial, never objecting or expressing

---

[4] Plaintiffs' counsel's affidavit authenticating Dr. Pushchinska's letter is attached as Exhibit 1.

apprehension regarding the reliability of Mrs. Olsen's testimony at any point during the trial or subsequent appeal. The fact that Mrs. Olsen previously testified to the events giving rise to her claims against Defendants, withstood cross examination, and that no party (or the Court) raised any issues regarding the nature or quality of her testimony makes Defendants current efforts to strike her testimony completely unjustified.[5]

Further, it is Defendants burden, as the objecting party, to establish that Mrs. Olsens was incompetent to testify in 2012. *See, e.g., Odom*, 736 F.2d at 111 (recognizing that a witness "is presumed to be…competent...and incompetency must be shown by the party objecting to him.") (internal citations omitted). The mere fact that a witness suffers from a mental health condition does not render a witness *per se* incompetent,[6] and Defendants cannot simply ask the Court to infer past incompetence based upon Mrs. Olsen's current condition. As a general rule, "the competence of a witness depends upon a capacity to observe, to remember, to communicate and to understand the nature of an oath and the duty it imposes to tell the truth." *United States v. Bloome*, 773 F. Supp. 545, 546-47 (E.D.N.Y. 1991). Having witnessed Mrs. Olsen being sworn in to testify, having observed her demeanor, and having questioning her, Defendants raised no issue with the presentation of her testimony or her ability to recall and recount the events to which she testified. They cannot do so now. Indeed, at this late date, it would be impossible to recreate the record from several years ago to make any determination with respect to competency—which is the reason that any such objections are required to be made at the time the witness is called to testify.

\*\*\*

There is nothing controversial about Plaintiffs' request: because Mrs. Olsen is unavailable to testify at trial, her 2012 trial testimony is clearly admissible under Federal Rule of Evidence 804(a)(4). Its exclusion from trial would be error. As Defendants' have waived any objection to Mrs. Olsen's competency to testify in 2012, their arguments must be rejected.

Sincerely,

/s/ Jia M. Cobb
Jia M. Cobb
Tara K. Ramchandani

---

[5] During the meet-and-confer process, Defendants' counsel pointed to the fact that, during the 2012 trial, Mrs. Olsen testified that she could not remember certain testimony that she previously provided—which is not an uncommon occurrence among testifying witnesses and does not establish that she was incompetent to testify at the prior proceeding. In any event, if testimony that Mrs. Olsen provided at the first trial gave Defendants any reason to believe that she may have been incompetent to testify, their failure to object at the 2012 trial is all the more problematic.

[6] *See, e.g., Jackson v. United Airlines, Inc*., No. 3:08CV182, 2009 WL 1706681, at \*4 (E.D. Va. June 17, 2009) ("Even though [the witness] may have been diagnosed with the onset of dementia, and there are portions of her deposition testimony that are not coherent, or at least demonstrate confusion and misunderstanding…not only must the Court presume her competency, her testimony concerning the salient events of the specific incident…does not exhibit such a level of confusion, let alone mental incompetency, to preclude its use at trial, as a matter of law, thereby foreclosing consideration by the jury")(internal citations omitted).

3

RELMAN, DANE & COLFAX PLLC     *Olsen v. Stark Homes, Inc.*, No. 09-cv-04283 (LDW) (ETB)

>Relman, Dane & Colfax PLLC
>1225 19th Street NW, Suite 600
>Washington, DC 20036
>Telephone: (202) 728-1888
>Facsimile: (202) 728-0848
>jcobb@relmanlaw.com
>tramchandani@relmanlaw.com
>
>*Attorneys for Plaintiffs*

CC:     All counsel of record via ECF