**RELMAN, DANE & COLFAX PLLC**

1225 19TH STREET NW SUITE 600
WASHINGTON DC 20036-2456

TEL 202-728-1888
FAX 202-728-0848
WEBSITE WWW.RELMANLAW.COM

October 22, 2015

Hon. Leonard D. Wexler
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, NY 11722

      Re:    *Olsen, et al. v. Stark Homes, Inc., et al.*, No. 09-CV-04283 (LDW)(ETB)

Dear Judge Wexler:

      Plaintiffs respectfully request permission for Wendy Warren to testify via live video feed or in the alternative to conduct a videotaped deposition. Ms. Warren resides in Florida, outside the subpoena power of this Court, and is unable to travel to New York for trial. A live feed would allow the parties and the Court to examine the witness, and would provide the jury an opportunity to assess Ms. Warren's demeanor and credibility.

      Ms. Warren served as a tester for Plaintiff Long Island Housing Services, Inc. and was the only tester who, like the Olsens, told Mr. Stark that she also lived with her mentally disabled daughter. For this reason, Ms. Warren will provide valuable testimony that no other witness can provide as only she can testify to the ways that Mr. Stark treated her differently than testers who did not request to live with an individual with a mental disability.

      At all times during the prosecution of this action, Plaintiffs have intended to use Ms. Warren's live testimony at trial. Indeed, she testified as a live witness when this case was originally tried. *See* Trial Tr. Dec. 5, 2012, at 238-49. Plaintiffs' counsel originally requested that the retrial of this matter be set for this past summer, as they knew that Ms. Warren would be spending the summer in New York with her daughter. Ms. Warren was under subpoena to appear in Court to testify for the trial set for July 27, 2015.

      As this Court is aware, one week prior to trial, the Court postponed the retrial without a date. *See* July 21, 2105 Notice of Hearing. Knowing that Ms. Warren would be outside the subpoena power of the Court by the fall, Plaintiffs moved to have the retrial heard by either a Magistrate Judge or a different judge of this Court in order to allow Ms. Warren to present her live testimony. *See* Dkt. No. 108. Plaintiffs' motion was denied. *See* July 3, 2015 Order (Order denying [108] Motion to Reassign Case).

      After the trial was reset for November 2015, Plaintiffs' counsel spoke with this Court's chambers on August 27, 2015 about whether a live video feed would be possible. The courtroom deputy indicated that the Court was not inclined to allow testimony via live feed as it had previously had difficulty with doing so. Plaintiffs' counsel, however, has contacted the

technology staff at both courthouses (Central Islip and West Palm Beach, the closest courthouse to where Ms. Warren resides) and both courthouses have the necessary technology. Ms. Warren is willing and able to travel to the West Palm Beach courthouse to testify. Plaintiffs' therefore submit this motion to formally request permission for Ms. Warren's testimony via live video feed for the reasons set forth below.

Testimony via live feed, versus a deposition or trial transcript, is preferable as "[t]here is a strong preference for live testimony, long recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness." *United States v. Int'l Bus. Machines Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981); *see also Kolb v. Suffolk County*, 109 F.R.D. 125, 126-27 (E.D.N.Y. 1985) (holding that "[l]ive testimony is always preferred" both because it allows the jury to observe the demeanor of the witnesses and allows the trial judge the opportunity to question the witness.). The preference for live testimony is embodied in the Federal Rules of Civil Procedure, which refer to the "due regard" to be given "to the importance of presenting the testimony of witnesses orally in open court ...." Fed. R. Civ. P. 32(a)(3)(E). The live video feed would provide both parties and the Court with the opportunity to examine Ms. Warren in the presence of the jury, would not require any out-of-pocket costs for either party, and imposes a *de minimis* burden on the Court.

Should this Court not allow the live video feed, Plaintiffs' seek permission under Federal Rule of Evidence 30(a)(2) to conduct a videotaped deposition of Ms. Warren to use at trial in lieu of her live testimony. *See* Fed. R. Civ. P. 32 & Fed. R. Evid. 804. The Court has already granted a similar request to take a videotaped deposition of a third party witness who became unable to give live testimony after the close of discovery. *See* Letter Brief requesting Deposition of Rita Simonetti (ECF No. 59); Trial Tr. Dec. 5, 2012, at 249, 251 (Simonetti Deposition videotape played into record). Because Ms. Warren's trial testimony was not recorded and her deposition was not videotaped, a videotaped deposition is the only way (other than live feed) to present Ms. Warren's testimony in non-transcript form. *See* Fed. R. Civ. P. 32(c) (noting that deposition testimony must be presented in nontranscript form, if available).

Counsel for Defendants has not taken a position on testimony via live video feed, but has indicated that Defendants oppose the request for a videotaped deposition.[1]

## CONCLUSION

In sum, due to circumstances entirely out of Plaintiffs' control, Ms. Warren will now be unavailable to appear in-person during the scheduled retrial, and it is in the interest of justice to permit Plaintiffs to present Ms. Warren's testimony in the most persuasive form possible to the jury. Plaintiffs respectfully request permission to have Ms. Warren testify via live video feed from the federal district court in West Palm Beach, Florida, or in the alternative to conduct a videotaped deposition to use in lieu of Ms. Warren's live testimony.

---

[1] Defense counsel has indicated that he objects to a videotaped deposition because of the costs that would be incurred. Plaintiffs are happy, however, to minimize costs if possible, including facilitating participation by phone or by videoconference.

RELMAN, DANE & COLFAX PLLC       *Olsen v. Stark Homes, Inc.*, No. 09-cv-04283 (LDW) (ETB)

                        Respectfully submitted,

                        /s/ Tara K. Ramchandani
                        Tara K. Ramchandani
                        Jia M. Cobb
                        Relman, Dane & Colfax PLLC
                        1225 19th Street NW, Suite 600
                        Washington, DC 20036
                        Telephone: (202) 728-1888
                        Facsimile: (202) 728-0848
                        tramchandani@relmanlaw.com
                        jcobb@relmanlaw.com

                        *Attorneys for Plaintiffs*

Cc:    All counsel of record via ECF